IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BASE ONE TECHNOLOGIES, INC.,<br>10 South Division Street<br>New Rochelle, New York 10805<br><br>       Plaintiff,<br><br>  v.<br><br>MOHAMMED ALI<br>5701 Hanover Avenue<br>Springfield, Virginia 22150<br><br>and<br><br>HOSSEIN BEYZAVI,<br>8206 Wellington Place<br>Jessup, Maryland 20791<br><br>      Defendants. | Civil Action No.:   14-cv-1520 |

## COMPLAINT

Plaintiff Base One Technologies, Inc. ("Base One"), by its attorneys, FordHarrison LLP, as and for its Complaint against defendants Mohammed Ali ("Ali") and Hossein Beyzavi ("Beyzavi") (collectively, "Defendants"), alleges as follows:

### THE PARTIES

1.     Plaintiff Base One is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10 South Division St., New Rochelle, New York 10805.

2.     Defendant Ali is an individual, who, upon information and belief resides at 5701 Hanover Avenue, Springfield, VA 22150.  Ali was an employee of Base One on or about February 2012.

3.      Defendant Beyzavi is an individual, who, upon information and belief resides at 8206 Wellington Place, Jessup, MD 20794.  Beyzavi was an employee of Base One on or about February 2012.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      This Court has the authority to exercise personal jurisdiction over Defendants pursuant to the District of Columbia's long-arm statute because Defendants transacted business in the District of Columbia, contracted to supply services in the District of Columbia, caused tortious injury in the District of Columbia, and because the exercise of personal jurisdiction would comport with the requirements of due process since Defendants have availed themselves of the privilege of conducting activities with this forum state by seeking and obtaining employment in this district, invoking the benefits and protections of its laws.

6.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      Base One is a technology engineering services and support firm whose portfolio of services include recruiting and staffing for IT positions nationwide.

8.      Base One has an extensive client base that includes the telecommunications and financial industries and provides staffing services for a variety of IT disciplines, including but not limited to, network infrastructure support, software development and application services,

information security, enterprise databases and warehousing, backup and recovery strategies, and project management.

9.      Base One works closely with its clients to determine their IT needs, the specific job requirements of any openings and the qualifications of the ideal candidate to provide these services.

10.     Consequently, Base One invests substantial time, effort and money recruiting, vetting, and ultimately hiring employees to provide services for the project in question.

11.     One of Base One's largest clients is International Business Machines Corporation ("IBM").

12.     In or about December 2009, Base One was engaged by IBM to provide assistance on a certain project ("the Project").   The Project is ongoing and fully funded through June of 2015 and has a total project value of over ten million dollars.    To date, approximately thirty-two (32) Base One employees have provided services in connection with the Project in a variety of roles.

13.     On or about February 2012, Defendant Ali was hired by Base One specifically to provide engineering assistance for the Project in the District of Columbia.

14.     On or about December 2013, Defendant Beyzavi was also hired by Base One specifically to provide engineering assistance for the Project in the District of Columbia.

15.     In consideration for employment with Base One, Defendants signed identical Confidence and Non-Compete Agreements (the "Agreement"), which are attached as Exhibit A ("Ali Agreement") and Exhibit B ("Beyzavi Agreement").

16.     In Section 1(B) of the Agreement, both individual Defendants acknowledged the substantial time, effort and money expended by Base One in identifying and retaining individuals

to perform the IT services provided by Base One to its clients.

17.     In Section 1(C) of the Agreement, both individual Defendants acknowledged that the preservation of Base One's continued relationship with its clients, as well as Base One's continued relationship with its employees, was of critical importance to the business success of Base One.

18.     In Section 1(D) of the Agreement, both individual Defendants acknowledged Base One's legitimate concern that:

> the Employee will frequently be the principal intermediary and personal contact between the Company and its Customers and it is, therefore, anticipated that because of the Employee's knowledge of the business of said persons or entities and the fact that personal loyalties may develop between the Employee and said persons or entities, such persons or entities might desire to place their IT business directly with the Employee rather than the Company at such time as the Employee is no longer employed by the Company.

19.     Consequently, both individual Defendants agreed, pursuant to Section 3(A) of the Agreement, that they would not market or provide any competitive services, including their own, to any Base One clients that they were assigned to, during the term of their employment with Base One and for a period of one year following the end of their employment with Base One.

20.     Pursuant to Section 3(B) of the Agreement, both individual Defendants also agreed they would not solicit any other employee of Base One during the term of their employment with Base One and for a period of one year following the end of their employment with Base One.

21.     Pursuant to Sections 6 and 7 of the Agreement, both individual Defendants acknowledged that the restrictions set forth in the Agreement were essential to the preservation of Base One's business and that in the event of the Defendants breach of the restrictive covenants set forth in the Agreement, Base One shall be entitled to equitable and injunctive relief, in

addition to all other available remedies.

22.     Pursuant to Section 10 of the Agreement, the parties agreed that the Agreement "shall be governed by and construed in accordance with the laws of the State of New York."

23.     On or about June 2014, Base One learned that Defendants, while working for Base One on the Project in the District of Columbia, conspired with one another to approach, and subsequently approached, IBM to market their own services for full-time employment with IBM.

24.     Base One further learned that, as a result of their overtures, Defendants were hired by IBM to work for IBM in the District of Columbia, performing materially the same services they had been providing to IBM through their employment with Base One and their assignment to the Project, thereby depriving Base One of substantial revenue it would have received for the continued placement of Defendants to IBM through the Project end date of June 2015.

25.     Upon information and belief, Defendants began employment with IBM, in the District of Columbia, on or around June 10, 2014.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT – NON-COMPETE PROVISION

26.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

27.     The Agreements constitute a valid and binding contract between Base One and Defendants that was supported by adequate consideration.

28.     Base One has fully performed all of its obligations under the Agreement.

29.     Pursuant to Section 3(A) of the Agreement, Defendants agreed to a restrictive covenant which precludes them from marketing or offering their services to any customer of Base One that they worked for, during their employment and for the twelve month period following the end of their employment with Base One.

30.     While still employed by Base One, Defendants approached IBM to offer their services to IBM as employees on a full-time basis.

31.     Defendants are now employed by IBM and commenced employment on or about June 10, 2014.

32.     Defendants have breached, and will continue to breach, the contractual obligations contained in the Agreement.

33.     As a direct and proximate result of Defendants' breaches of the Agreement, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT – NON-SOLICITATION PROVISION**

34.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

35.     The Agreements constitute a valid and binding contract between Base One and Defendants that was supported by adequate consideration.

36.     Base One has fully performed all of its obligations under the Agreement.

37.     Pursuant to Section 3(B) of the Agreement, Defendants agreed to a restrictive covenant which precludes them from soliciting any employee of Base One, during their employment and for the twelve month period following the end of their employment with Base One.

38.     While still employed by Base One, Defendants approached IBM to offer their services to IBM as employees on a full-time basis. In the process, Defendants solicited each other by coordinating their departure to work for IBM.

39.     Defendants are now employed by IBM and commenced employment on or about June 10, 2014.

40.     Defendants have breached, and will continue to breach, the contractual obligations contained in the Agreement.

41.     As a direct and proximate result of Defendants' breaches of the Agreement, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

## AS TO "THIRD CAUSE OF ACTION"
### BREACH OF FIDUCIARY DUTY

42.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

43.     By virtue of their employment with Base One, Defendants owed a fiduciary duty and duty of loyalty to Base One.

44.     Within the scope of Defendants' employment, Base One entrusted Defendants to interact with customers on its behalf.

45.     Defendants owed Base One a duty not to exploit their access to customers, including but not limited to, the solicitation of those customers during or after Defendants' employment with Base One.

46.     By their conduct, Defendants violated their fiduciary duty and duty of loyalty to Base One.

47.     As a direct and proximate result of Defendants' actions, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION

48.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

49.     By virtue of their conduct as alleged herein, Defendants misappropriated Base One's good will with its customers in order to intentionally, and in bad faith, solicit employment with IBM and unfairly compete with Base One.

50.     In doing so, Defendants have acted with intentional and/or wanton disregard for Base One's rights.

51.     As a direct and proximate result of Defendants' actions, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

## FIFTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

52.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

53.     Base One enjoys an advantageous business relationship with the customers with which it provides services.   These business relationships are sources of actual and potential revenue for Base One.

54.     Base One had a reasonable expectation of continuing its business relationships with its customers, including IBM, and to gain and continue to gain the economic advantage of those business relationships.

55.     At all times relevant hereto, Defendants were aware of the business relationships that exist and existed between Base One and IBM, as well as the nature and extent of Base One's

reliance on those relationships.

56.     By virtue of their conduct, Defendants has interfered with and continues to interfere with Base One's business relationships with IBM.

57.     In doing so, Defendants have acted with intentional and/or wanton disregard for Base One's rights.

58.     As a direct and proximate result of Defendants' actions, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

## SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

59.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

60.     As a result of the foregoing conduct, Defendants were enriched at Base One's expense, and equity and good conscience militate against permitting Defendants to retain the attendant benefits.

61.     As a direct and proximate result of Defendants' actions, Base One has suffered substantial damages, in an amount to be determined at trial, and costs and fees in prosecuting this action.

## SEVENTH CAUSE OF ACTION
### FAITHLESS SERVANT

62.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

63.     Under New York law, employees are obligated to be loyal to their employer, prohibited from acting in a manner inconsistent with their agency or trust, and are at all times

bound to exercise the utmost good faith and loyalty in the performance of their duties.

64.     By virtue of their conduct, Defendants violated this duty by offering their own competitive services, while still employed by Base One, to IBM in direct contravention of their duty of loyalty to Base One.

65.     By virtue of this violation, Base One is entitled to recover any compensation paid to Defendants during their period of disloyalty while employed by Base One.

### EIGHTH CAUSE OF ACTION
### INJUNCTIVE RELIEF

66.     Base One repeats and realleges the allegations of each of the foregoing paragraphs as if fully set forth herein.

67.     By virtue of Defendants' actions, Base One has suffered, is suffering and will continue to suffer irreparable harm to its business operations, customer relationships, and business goodwill, including the potential loss of its competitive advantage.

68.     Absent injunctive relief enjoining Defendants from continuing to breach and/or inducing breaches of contractual and common law duties owed to it, Base One will continue to suffer irreparable harm to its business operations, customer relationships and business goodwill which cannot be quantified.

69.     Base One has no adequate remedy at law and injunctive relief would not prevent Defendants from earning a livelihood.  Rather, the injunction will do no more than require Defendants to live up to the contractual and legal obligations which they owe Base One.

70.     By reason of the foregoing, Base One seeks an injunction:

(a)     enjoining and prohibiting Defendants from, directly or indirectly, engaging in any employment with, or to provide any services to, any customer Defendants were assigned to while employed by Base One, for

the duration of the restricted period as set forth in the Agreement;

(b)      enjoining and prohibiting Defendants from recruiting, soliciting, or attempting to recruit or solicit, any Base One employees, for the duration of the restricted period as set forth in the Agreement;  and

(c)      granting Base One such further relief as the Court deems just and proper.


WHEREFORE, Base One demands judgment in its favor and against Defendants for an order:

(i)      awarding Base One damages in an amount to be proven at trial, punitive damages, and reasonable attorneys' fees and costs;

(ii)      requiring Defendants to disgorge compensation paid by Base One during the period of their disloyalty and breach of fiduciary duty;

(iii)      granting injunctive relief as set forth herein; and

(iv)      granting such other or further relief as the Court may deem just and proper.

Dated: September 5, 2014                 Respectfully submitted,

                                         By:  _____
                                              B. Patrice Clair (D.C. Bar No. 1004228)
                                              pclair@fordharrison.com
                                              Michael D. Yim (to be admitted *pro hac vice*)
                                              myim@fordharrison.com

                                              FordHarrison LLP
                                              1300 19th Street, N.W., Suite 300
                                              Washington, DC  20036
                                              Telephone: (202) 719-2000
                                              Facsimile: (202) 719-2077

                                              *Attorneys for Plaintiff*
                                              *Base One Technologies, Inc.*